UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JASON JOHNSON, </br></br>        Plaintiff, </br></br> v. </br></br> SPECTRUM NORTHEAST, LLC, </br> a/k/a SPECTRUM </br>        Defendant. | ) </br> ) </br> ) </br> ) </br> ) Civil No. _____ </br> ) </br> ) </br> ) </br> ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Spectrum Northeast, LLC ("Spectrum"), hereby notices the removal of the action captioned *Jason Johnson v. Spectrum Northeast, LLC, a/k/a Spectrum* filed in Maine Superior Court, Kennebec County, Docket No. AUGSC-CV-2024-21 (the "State Court Action"), to the United States District Court for the District of Maine. In support of this Notice of Removal, Spectrum states as follows:

**STATE COURT ACTION**

1. On January 9, 2024, Plaintiff Jason Johnson ("Mr. Johnson") commenced the State Court Action by serving Spectrum with a Summons and Complaint. Copies of the Summons (with proof of service endorsed thereon) and Complaint are attached as Exhibit A.

2. Pursuant to the Complaint, Mr. Johnson alleges that, on April 1, 2022, he was a "motorist" involved in an accident on Lawson Road in Windsor, Maine. Exhibit A, Compl. ¶¶ 5-8.

3. Mr. Johnson alleges that the accident was caused by a "fallen cable line" owned and controlled by Spectrum and that Spectrum breached its duty of care to motorists on Lawson Road. Exhibit A, Compl. ¶¶ 3-7.

4. Mr. Johnson alleges that he has suffered "serious and permanent" injuries from the accident. Exhibit A, Compl. ¶ 8.

5. Mr. Johnson further alleges that his "injuries have caused and will continue to cause him pain, emotional distress and reduced quality of life." Exhibit A, Compl. ¶ 9.

6. Mr. Johnson asserts claims against Spectrum for negligence. Exhibit A, Compl. Count I.

7. On Friday, January 26, 2024, Spectrum timely served, on counsel for Mr. Johnson, its Answer and Affirmative Defenses to the Complaint denying Mr. Johnson's claims. ME. R. CIV. P. 12(a) (a defendant shall serve its answer within twenty days after the service of, *inter alia*, the summons and complaint). The Answer and Affirmative Defenses was filed with the Kennebec County Superior Court on Monday, January 29, 2024.[1] A copy of the Answer and Affirmative Defenses to the Complaint is attached as Exhibit B. A copy of the Scheduling Order issued by the Superior Court is attached as Exhibit C.

8. Pursuant to 28 U.S.C. § 1446(a), Exhibits A through C constitute "all process, pleadings and orders" served upon Spectrum in the State Court Action.

## TIMELINESS OF REMOVAL

9. Spectrum is timely filing this Notice of Removal within thirty days of service on Spectrum of the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 344 (1999).

## FEDERAL DIVERSITY JURSIDICTION

10. Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, this Court has subject matter jurisdiction over this action and removal is appropriate: this matter is a civil action between citizens

---

[1] The Court closed early on January 26, 2024 due to weather.

of different states in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### COMPLETE DIVERSITY OF CITIZENSHIP OF THE PARTIES

11. Mr. Johnson alleges that he is an individual residing in Skowhegan, Maine. Exhibit A, Compl. ¶ 1.

12. Spectrum is a Delaware limited liability company with its principal place of business in Missouri. *See* Spectrum's L.R. 7.1 Corporate Disclosure Statement filed contemporaneously herewith.

13. For purposes of diversity jurisdiction, a limited liability company "takes the citizenship of all of its members." *BRT Management LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023).

14. None of the various entities that make up the membership structure of Spectrum are citizens of Maine. They are, respectively, citizens of Delaware, Missouri, Connecticut and/or New York for purposes of determining jurisdiction. *See* Spectrum's L.R. 7.1 Corporate Disclosure Statement.

15. Complete diversity, therefore, exists between Mr. Johnson and Spectrum as of the time of this Notice of Removal and existed at the time of the filing of the State Court Action.

### AMOUNT IN CONTROVERSY

16. The State Court Complaint does not allege or demand a specific amount of damages. *See* 14 M.R.S. § 52 (a Maine State Court plaintiff is not permitted to demand a specific amount in the complaint).

17. If after assertion of diversity jurisdiction a party questions the amount in controversy, "the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity

facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount, and the burden of supplying specific factual allegations to support the amount in controversy requirement." *Connolly v. Dorris*, No. 2:19-cv-00510-GZS, 2020 WL 206932, at *2 (D. Me. Jan. 14, 2020) (internal citations and quotation marks omitted), *report and recommendation adopted*, 2020 WL 2996067 (D. Me. June 4, 2020).

18. "When a case has been removed to federal court and that removal is challenged by the plaintiff, district courts in this circuit have required the defendant to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (internal citations and quotation marks omitted).

19. "In assessing the amount in controversy, the appropriate measure is the litigation value of the case, an amount arrived at by drawing all reasonable inference[s] in favor of the Plaintiff's Complaint. The amount in controversy is determined on the basis of the facts and circumstances as of the time that an action . . . arrives [in federal court] from a state court by way of removal." *Id.* (internal citations and quotation marks omitted).

20. Here, Mr. Johnson served on Spectrum's third-party claims administrator, ESIS, a settlement demand letter for his alleged injuries ("the demand letter"). Exhibit D (Declaration of George Smiley and Copy of Demand Letter attached thereto).

21. The demand letter was dated August 18, 2023. Exhibit D, Demand Letter at 2.

22. The demand letter alleges that the accident at issue involved Mr. Johnson having to "lay down" his motorcycle to avoid a low-hanging Spectrum line or cable. Exhibit D, Demand Letter at 2.

23. The demand letter further alleges that the injuries Mr. Johnson suffered from the accident included fractured ribs, a hemothorax in his left lung, and a right thumb base roll and comminuted fracture. Exhibit D, Demand Letter at 2.

24. The demand letter further alleges that Mr. Johnson had to have hand surgery. Exhibit D, Demand Letter at 2.

25. The demand letter further alleges that, although Mr. Johnson's "fractures have healed, he continues to experience sharp, shooting pains in his wrist and thumb. His daily pain is in the 6-8/10 range depending on work activity. He is unable to hold any object in his right hand for a prolonged period of time." Exhibit D, Demand Letter at 4.

26. The demand letter further alleges, "[Mr. Johnson] continues to experience hand pain on a regular basis. He enjoys working as a motorcycle mechanic. Unfortunately, it requires him to use his thumb and bend his hand and wrist in awkward positions, which causes pain. Despite the treatment he has received over the last year and a half, his symptoms persist. At this point, [he] is nervous that his hand will not further improve which would mean this daily pain and dysfunction is his new normal." Exhibit D, Demand Letter at 4-5.

27. The demand letter further alleges that, as of the date of the letter, Mr. Johnson had incurred $61,475.55 in medical bills from his accident. Exhibit D, Demand Letter at 3.

28. The demand letter further alleges that, as of the date of the letter, Mr. Johnson had also incurred lost wages totaling $35,622.00 and that "there is a strong possibility that [he] will suffer lost wages well into the future." Exhibit D, Demand Letter at 4.

29. Mr. Johnson is seeking, *inter alia*, recovery of such amounts in this action.

30. Although Spectrum denies liability and contests the claimed damages, Spectrum has, applying the standard set forth in *Connolly*, met its burden of supplying sufficient factual

allegations indicating that it is not a legal certainty that this matter involves less than the jurisdictional amount—*i.e.*, has established by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.

## VENUE

31. This Court encompasses Kennebec County, Maine where the State Court Action was filed; thus, this action is properly removed to this Court, sitting in Bangor. 28 U.S.C. §§ 99, 1441(a); D. Me. L.R. 3(b).

## NOTICE

32. Pursuant to 28 U.S.C. § 1446(d), Spectrum will promptly file a copy of this Notice of Removal with the Clerk of the Maine Superior Court, Kennebec County (Exhibit E, Notice of Notice of Removal), and will serve a copy on counsel of record for Mr. Johnson.

## CONCLUSION

WHEREFORE, Defendant Spectrum Northeast, LLC respectfully removes this action from the Maine Superior Court, Kennebec County, to the United States District Court for the District of Maine.

Dated at Portland, Maine this 7th day of February 2024.

> */s/ Brett R. Leland*
> Brett R. Leland, Esq., Bar No. 9828
> Verrill Dana LLP
> One Portland Square
> Portland, ME 04101-4054
> (207) 774-4000
> bleland@verrill-law.com
>
> *Attorney for Spectrum Northeast, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2024, I filed this Notice of Removal with the Clerk of Court by e-mailing it to MaineECFIntake@med.uscourts.gov and mailed and e-mailed a copy to counsel for Plaintiff at the following address:

> Jason M. Jabar, Esquire
> Jabar LaLiberty, LLC
> One Center Street
> Waterville, ME 04901
> jason@jabarlaliberty.com

*/s/ Brett R. Leland*
Brett R. Leland